PRESIDENT, DIRECTORS AND COMPANY OF THE AGAWAM BANK *vs.*
PHILIP H. SEARS & others.

In an action on a promissory note which appears upon its face, though not without close
inspection, to have been altered so as to increase its amount, if the judge instruct the
jury that it is not incumbent on the plaintiff to show that the alteration was made be
fore the note was signed, the plaintiff has no ground of exception.

A surety on a promissory note, by permitting his principal to take the note to a bank to be
discounted, does not, upon the principal's altering the note to a larger amount, in which
condition it is discounted by the bank, render himself liable to the bank for such larger
amount.

Evidence that one maker of a promissory note was in embarrassed circumstances when he
negotiated the note, is not competent evidence, in a suit against the other makers, to
show that the note was altered by him so as to increase its amount before negotiating it

ACTION OF CONTRACT on a joint and several promissory note
for $400, payable to the plaintiffs, and signed by Sears as princi
pal, and the other defendants as sureties. Sears was defaulted;
and the other defendants contested the case on the ground that
the note, when signed by them, was a note for $100 only.

At the trial in the court of common pleas at October term
1853, before *Mellen*, J., the plaintiffs' cashier testified that the
note was brought to the bank for discount on the day of its date
by Sears, and discounted; and that the note was then in all re-
spects as it was at the trial. On cross-examination he testified
as follows: " At first glance, there appeared no alteration in the
note, though an alteration may be studied out. It might be de-
tected, when attention is called to it, that a person can see that
an alteration may have been made. The writing of the letter ' f '
in the word ' four ' is a little different from the other handwrit-
ing. I think there is an alteration in the word ' four,' and in the
figure ' 4.' There is a slight tremulousness in the letter ' f,' not
in the rest of the note. I judge the body of the note to be in
the handwriting of Sears."

Upon this evidence, the plaintiffs requested the judge to in-
struct the jury, " that, inasmuch as the note was brought by
Sears to the plaintiffs, and was discounted by them at the request
of Sears, one of the makers, in its alleged altered condition, the
alteration, if any there were, must be presumed to have been

made either before the note was signed by the defendants, or with their consent." But the judge instructed the jury, " that, as the note was discounted by the plaintiffs without any notice of any alteration, and as the alteration, if any had been made, does not manifestly appear upon inspection of the note, it is not incumbent on the plaintiffs to show that such alteration was made before the signing of the note by the defendants."

The plaintiffs further requested the judge to rule, " that, if the alteration was made after the note was signed by the defendants, and without their consent, still the plaintiffs would be entitled to recover, on the ground that the defendants reposed confidence in Sears, and must suffer the consequences, there being no fault in the plaintiffs." But the judge declined so to rule.

Evidence was admitted, against the objection of the plaintiffs, tending to show that Sears was in embarrassed circumstances when the note in suit was made.

The jury returned a verdict for the defendants, and the plaintiffs alleged exceptions.

*A. L. Soule,* for the plaintiffs. 1. The note having been brought to the plaintiffs by one of its makers, without any manifest alteration upon it, it is to be presumed that the alteration, if any, was made before it was signed, and with the consent of the defendants. *Sherrington* v. *Jermyn,* 3 Car. & P. 374. *Harman* v. *Dickinson,* 5 Bing. 183. *Doe* v. *Catomore,* 16 Ad. & El. N. R. 745. *Gooch* v. *Bryant,* 13 Maine, 386. *Eddy* v. *Bond,* 19 Maine, 461. *Crabtree* v. *Clark,* 20 Maine, 337. *Wilde* v. *Armsby,* 6 Cush. 314. *Hills* v. *Barnes,* 11 N. H. 395. *Ogle* v. *Graham,* 2 Pennsyl. 132.

2. As between the plaintiff and the defendants, the act of Sears was the act of the defendants, who had placed him in such a position of confidence as enabled him to deceive the plaintiffs; and the defendants are therefore responsible for any alteration made by Sears before the note was issued. *Ogle* v. *Graham,* 2 Pennsyl. 132. *Putnam* v. *Sullivan,* 4 Mass. 45. *Boardman* v. *Gore,* 15 Mass. 336. *Stoddard* v. *Kimball,* 4 Cush. 604. *Manufacturers' & Mechanics' Bank* v. *Winship,* 5 Pick. 11. *Munroe* v. *Cooper,* 5 Pick. 412.

Agawam Bank *v.* Sears & others.

3. The evidence of Sears's embarrassed circumstances was inadmissible; for the reason stated in the last point; and also because it was irrelevant, for embarrassment raises no presumption of fraud.

*J. D. Colt,* for the sureties. 1. Whenever the defendant, in an action on commercial paper, proves an alteration not in itself bearing evidence of having been properly made, the burden is on the plaintiff to explain the alteration, especially if it bears suspicious marks. And this rule is not changed in this case, by the facts that the alteration was made before the note passed out of the principal's hands, and was not manifest without close inspection. *Davis* v. *Jenney,* 1 Met. 221. *Wilde* v. *Armsby,* 6 Cush. 314. *Ward* v. *Allen,* 2 Met. 53. *Herman* v. *Dickinson,* 5 Bing. 183. *Taylor* v. *Mosely,* 6 Car. & P. 273. *Hill* v. *Barnes,* 11 N. H. 395. At all events, the ruling in this case, which imposed the burden upon the defendants, was sufficiently favorable to the plaintiffs.

2. As no relation of partnership or agency was shown between the sureties and the principal, the rule does not apply, that when one of two innocent persons must suffer for the act of a third, it should be that one who placed him in a position of confidence and trust.

3. No exception lies to the admission of evidence of the embarrassed circumstances of Sears. The surrounding circumstances and the situation and relation of the parties are always admissible, in the discretion of the presiding judge. *Davis* v. *Jenney,* 1 Met. 223. *Taylor* v. *Mosely,* 6 Car. & P. 273. 1 Greenl. Ev. § 108.

DEWEY, J. 1. The instruction of the judge, that, under the circumstances of the case, as disclosed by the evidence, it was not incumbent on the plaintiffs to show that the alteration of the note was made before it was signed, was certainly sufficiently favorable to the plaintiffs, and furnishes no ground of exception by them.

2. The position assumed by the plaintiffs, that the sureties, by permitting their principal to take the note to the bank to be discounted, gave confidence to him, and must suffer for his miscon-

duct in altering the note, is untenable. The principle sought to be applied is not applicable to this case. The sureties assume a certain definite obligation, the extent of which is clearly and fully stated in the writing they sign. To that extent, they give confidence and credit to the principal, but no farther. In the ordinary course of business, such a note, obtained by the principal for his own use and benefit, passes into his hands, to be disposed of by him. The party receiving a note gives the confidence and trust to the party from whom he receives it. This applies to every part of the note, as much to the amount, as to the genuineness of the signatures. The surety may safely stipulate, as such, for a certain stated amount, and limit his liability to that sum. He does so, when he puts his name to an instrument wholly filled up. It is otherwise, when he puts his name to a blank piece of paper, or to a promissory note or bill of exchange the amount of which is still blank. In such a case he gives confidence to the principal, and must suffer for the misconduct of the principal in the manner of filling the blanks.

3. The evidence as to the pecuniary embarrassment of Sears was improperly admitted. It was wholly irrelevant to the question of the time of making the alteration of the note, and furnished no proper aid in deciding that question. The embarrassed circumstances of a debtor furnish no presumption that he would make a fraudulent alteration of a note in his hands. To admit such evidence would do great injustice to the honest, but unfortunate debtor. The rule of admitting evidence of surrounding circumstances, to which the counsel of the defendants refers is not, in our opinion, comprehensive enough to include the fact that the principal was embarrassed with debts, as a circumstance having any proper bearing upon the issue tried between these parties. For this cause, the exceptions must be sustained, and a                    *New trial ordered.*